UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

EXXON MOBILE CORPORATION, a New
Jersey corporation,

        Plaintiff,

        v.

FREEMAN HOLDINGS, LLC, a Kansas
Limited Liability Company;
FREEMAN HOLDINGS OF WASHINGTON,
LLC, a Washington Limited
Liability Company, d/b/a Million
Air-Moses Lake,

        Defendants.

NO. CV-09-0390-EFS

**ORDER GRANTING FREEMAN
HOLDINGS' MOTION TO DISMISS
AND GRANTING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND
COMPLAINT**

Before the Court, without oral argument, are Defendant Freeman Holdings, LLC's ("Freeman Holdings") Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 13) and Plaintiff Exxon Mobile Corp.'s ("Exxon") Motion for Leave to Amend Complaint (ECF No. 33). After reviewing the submitted material and relevant authority, the Court is fully informed. For the reasons set forth below, the Court grants Freeman Holdings' motion to dismiss for lack of personal jurisdiction and grants Exxon leave to amend its complaint.

///

//

ORDER ~ 1

**A.   Background[1]**

Exxon filed this action on December 29, 2009, alleging that Freeman Holdings and Defendant Freeman Holdings of Washington LLC ("Freeman Washington") wrongfully took Exxon's aviation fuel that was stored at the Grant County International Airport in Moses Lake, Washington.  In its complaint, Exxon 1) seeks declaratory relief under 28 U.S.C. § 2201, 2) sues for conversion, 3) alleges a violation of the Washington Consumer Protection Act (WCPA), 4) alleges a violation of RCW 80.28.240, and 5) seeks recovery for Defendants' unjust enrichment.

On February 1, 2010, Freeman Holdings sought dismissal because personal jurisdiction is lacking due to Freeman Holdings' insufficient contacts with Washington.  On July 30, 2010, the Court took this motion under advisement and allowed Exxon to engage in discovery relating to Freeman Holdings' contacts with Washington; the Court ordered the parties to file supplemental briefs following the allowed discovery.[2]  (ECF No. 24.)  On August 4, 2010, a Scheduling Order was entered, setting a December 3, 2010 discovery cutoff and a May 2, 2011 trial.  (ECF No. 26.)

The parties have filed their supplemental briefs relating to Freeman Kansas' motion to dismiss.  And on October 1, 2010, Exxon filed its Motion for Leave to Amend Complaint, which seeks to add Francis B.

---

[1]   The "background" section is based on the Complaint's (ECF No. 1) factual allegations.  *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

[2]   In its Order, the Court also dismissed Exxon's WCPA and RCW 80.04.240 claims.

ORDER ~ 2

Freeman, Jr. as a Defendant and alter ego allegations.  (ECF No. 33.)
Defendants oppose Exxon's motion to amend.

**B.    Freeman Holdings' Motion to Dismiss**

Freeman Holdings, which is located in Kansas, contends that this Court lacks personal jurisdiction over it because Freeman Holdings has insufficient contacts with Washington.

Under Washington's long-arm statute, the Court must have general or specific personal jurisdiction over a defendant.  *See Shute v. Carnival Cruise Lines*, 897 F.2d 377, 379-80 (9th Cir. 1990), *rev'd on other grounds*, 499 U.S. 585 (1991).  General jurisdiction exists where the non-resident defendant has "substantial or continuous and systematic contacts with the forum state." *Fields v. Sedgwick Assoc. Risks*, 796 F.2d 299, 301 (9th Cir. 1984).  Specific jurisdiction exists if: 1) the defendant performed an act by which it purposefully availed itself of the privilege of conducting activities in Washington, 2) the cause of action arose out of the defendant's forum-related activities, and 3) the court's exercise of jurisdiction over the defendant is reasonable.  *Shute*, 897 F.2d at 381.

Exxon contends that specific jurisdiction exists because 1) the December 1, 2008 sublease included a Kansas address for Freeman Washington (the same address as Freeman Holdings' address) (ECF No. 1-2), 2) a February 2, 2009 letter to Exxon discussing the fuel dispute at Moses Lake stated that it was from "Freeman Holdings LLC/Million Air Moses Lake" (ECF No. 50-2), and 3) a February 17, 2009 article in TK Magazine, which announced Freeman Washington's acquisition of Air America, referred to "Freeman Holdings" and provided a contact number for

an individual, who is a Freeman Holdings' employee in Kansas.  The Court disagrees that these documents support a finding that Freeman Holdings has had sufficient contacts with Washington to allow this Court to exercise personal jurisdiction over Freeman Holdings.

First, there is no indication that Freeman Holdings played a role in the December 1, 2008 sublease between the Port of Moses Lake and Freeman Washington.  Freeman Holdings is mentioned nowhere in the lease. A Kansas address, the same address as Freeman Holdings' address, is used for Freeman Washington's contact address.  None of this equates to a finding that Freeman Holdings was involved in the sublease: the sublease is clear that it was Freeman Washington that was the party to the sublease.

Second, Exxon has presented no facts to contest Mr. Freeman's deposition testimony that the business name "Freeman Holdings LLC/Million Air Moses Lake" was erroneously used by the preparer of this letter.  Mr. Freeman acknowledged that he approved the signature-stamped letter, but testified that the business name "Freeman Holdings LLC/Million Air Moses Lake" was erroneous because there is no business entity with that name. Rather, consistent with the Moses Lake, Washington address, the business title should have been Freeman Washington.  Given Mr. Freeman's uncontested testimony, it is clear that the letter expressed Freeman Washington's perspective regarding the fuel dispute and did not involve Freeman Holdings.

Third, the TK Magazine article does not identify an act by which Freeman Holdings purposefully availed itself of conducting activities in Washington.  The TK Magazine article announces that "Freeman Holdings of Washington, L.L.C." purchased Air America Fuel & Services in Moses Lake.

ORDER ~ 4

After utilizing the full title, "Freeman Holdings of Washington, L.L.C.," the article's author then used a shortened version: "Freeman Holdings." This shortened title refers to the afore-mentioned Freeman Washington, *not* Freeman Holdings, LLC in Kansas.

After reviewing the evidence and arguments presented by Exxon, the Court concludes that Exxon failed to establish that Freeman Holdings performed an act by which it purposefully availed itself of the privilege of conducting activities in Washington. Accordingly, it is unreasonable for the Court to exercise jurisdiction over Freeman Holdings. Freeman Holdings' motion to dismiss is **granted.**

**B. Exxon's Motion for Leave to Amend Complaint**

Exxon seeks leave to add 1) Francis Freeman individually to all remaining counts and 2) alter ego allegations against Mr. Freeman. Defendants oppose the motion, contending that granting leave to add Mr. Freeman and alter ego allegations is futile, late, prejudicial to Defendants, and involves bad faith by Exxon.

Federal Rule of Civil Procedure 15 governs amendment of pleadings. "A party may amend the party's pleading . . . [after a responsive pleading is served] only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Id.* Rule 15 is to be applied with "extreme liberality," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)), since the purpose of the pleadings is "to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48

(1957).  Formal and burdensome impediments should not be erected during the litigation process.  *Id.*

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  Not all of the factors merit equal weight.  *Eminence Capital, LLC*, 316 F.3d at 1052.  In fact, prejudice to the opposing party is given the most consideration, *id.*; while, delay alone is an insufficient reason to deny the motion to amend. *Loehr v. Ventura County Cmty Coll. Dist.*, 743 F.2d 1310, 1319-20 (9th Cir. 1984).  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."  *Eminence Capital, LLC*, 316 F.3d at 1052; *see Howey v. United States*, 481 F.2d 1187 (9th Cir. 1973).

After considering these factors, the Court grants Exxon leave to amend the complaint to add Mr. Freeman as a Defendant and to assert alter ego allegations.  The Court grants leave notwithstanding Exxon's delay in filing this motion and the fact that its late filing may prejudice Exxon by requiring the continuance of the trial to allow Defendants to retain an "alter ego" expert.  Exxon was aware of Mr. Freeman's role and involvement in Freeman Washington and the basis for an alter ego theory as early as February 2010.  (ECF No. 16 at 14-16.)  Exxon should not have delayed the filing of this motion; nonetheless, the Court does not find that the motion is brought in bad faith.  And the Court finds that it should err on the side of allowing Exxon to bring its claims against any

ORDER ~ 6

potentially liable entity or individual and finds that granting leave to amend is not futile.

"Where a private person so dominates and controls a corporation that such corporation is his alter ego, a court is justified in piercing the veil of corporate entity and holding that the corporation and private person are one and the same." *Washington v. Davies*, 176 Wn. 100, 113-14 (1934); *Harrison v. Puga*, 4 Wn. App. 52, 62-63 (1971); *see also* William Fletcher, *The Corporate Entity or Personality, Piercing the Corporate Veil: alter ego or mere instrumentality test* in Fletcher Cyclopedia of Law of Corporations § 41.10 (2010).  Exxon's factual allegations in the proposed amended complaint are sufficient to allow leave to amend:[3]  Mr. Freeman 1) is the sole and controlling owner of Freeman Washington, 2) controls and dominates Freeman Washington, 3) establish Freeman Washington, and 4) would have performed Freeman Washington's activities if it was not created.  (ECF No. 35-1.)

To ensure a resolution on the merits as to all potentially liable Defendants, the Court **grants** leave to amend.

**D.   Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED:**

1.   Freeman Holdings' Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction **(ECF No. 13)** is **GRANTED**.

---

[3]   When reviewing a complaint for sufficiency, the Court accepts the factual allegations as true and disregards the legal conclusions.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

ORDER ~ 7

2.    Exxon's Motion for Leave to Amend Complaint **(ECF No. 33)** is **GRANTED.**  Exxon shall file its proposed second amended complaint (revised to reflect the dismissal of Freeman Holdings, LLC) no later than **November 3, 2010.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide a copy to counsel.

**DATED** this ____1st____ day of November 2010.


                              s/ Edward F. Shea
_____
                            EDWARD F. SHEA
                     United States District Judge

Q:\Civil\2009\0390.kansas.dismiss.frm

ORDER ~ 8