UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EXXON MOBIL CORPORATION, a New Jersey corporation,<br><br>    Plaintiff,<br><br>        v.<br><br>FREEMAN HOLDINGS OF WASHINGTON, LLC, a Washington Limited Liability Company, d/b/a Million Air-Moses Lake, and FRANCIS B. FREEMAN, JR., an individual,<br><br>    Defendants. | NO. CV-09-0390-EFS<br><br>**ORDER DENYING DEFENDANT FREEMAN WASHINGTON'S MOTION TO STRIKE PLAINTIFF'S EXPERTS and GRANTING EXXON'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS DISMISSING DEFENDANTS' CPA COUNTERCLAIM** |

Before the Court, without oral argument, are Defendant Freeman Holdings of Washington, LLC's ("Freeman Washington") Motion to Strike Plaintiff's Experts (ECF No. 38) and Plaintiff Exxon Mobil Corp.'s ("Exxon") Rule 12(c) Motion for Judgment on the Pleadings Dismissing Defendants' CPA Counterclaim (ECF No. 46). After reviewing the submitted material and relevant authority, the Court is fully informed. For the reasons set forth below, the Court denies Freeman Washington's motion to strike and grants Exxon's Rule 12(c) motion.

**A.  Freeman Washington's Motion to Strike**

Freeman Washington asks the Court to strike Exxon's expert witnesses Brian Abugel and Drefus Brown because Exxon failed to provide 1) written expert reports as required by Federal Rule of Civil Procedure 26 and 2)

ORDER ~ 1

available deposition dates as required by the Court's Scheduling Order (ECF No. 26). The Court finds Exxon properly identified these individuals under Rule 26(a)(2)(A) as witnesses who may present trial evidence under Federal Rules of Evidence 702, 703, and 705.

Mr. Brown, a Saybolt Western Hemisphere employee, was hired by Exxon to measure fuel in the Moses Lake Airport tanks on two occasions; Mr. Brown's generated reports were prepared before this lawsuit was filed. Mr. Abugel is an Exxon employee whose his job responsibilities do not include regularly giving expert testimony; in fact, this is the first case in which he has been asked by Exxon to give expert testimony. Because neither Mr. Abugel nor Mr. Brown were "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," Exxon was not required to provide a Rule 26(a)(2)(B) expert report for these expert witnesses. Accordingly, Exxon has complied with Rule 26(a)(2).[1]

It would have been helpful for Exxon to have supplied Plaintiff with the expert witnesses' available-deposition dates on the October 7, 2010 expert-identification deadline. The Court recognizes, however, that the Scheduling Order did not clearly specify that deposition dates were required to be provided for non-report expert witnesses.

---

[1] The Court notes that Rule 26(a) will likely be modified on December 1, 2010, and under that version *all* expert witnesses will be required to submit expert disclosures. *See* Fed. R. Civ. P. 26(a)(2)(C) (eff. Dec. 1, 2010). All parties shall be prepared to timely supplement their expert disclosures if the proposed Rule 26(a)(2) becomes effective.

ORDER ~ 2

For these reasons, Freeman Washington's motion to strike Mr. Brown and Mr. Abugel as expert witnesses is **denied**.

**B. Exxon's Rule 12(c) Motion for Judgment on the Pleadings Dismissing the Defendants' CPA Counterclaim**

Exxon asks the Court to dismiss Defendants' Washington Consumer Protection Act (CPA) counterclaim under Federal Rule of Civil Procedure 12(c) because Defendants failed to allege facts to establish 1) an unfair or deceptive act occurring in trade or commerce and 2) a public interest impact. Exxon also argues that Defendants waived and/or should be judicially estopped from asserting its CPA counterclaim because Defendants asserted this counterclaim after Defendants argued that the Court should dismiss Exxon's CPA claim.

Taking Exxon's last argument first, the Court declines to find waiver or apply judicial estoppel. Defendants' prior arguments in support of their motion to dismiss Exxon's CPA claim do not foreclose their ability to assert their own CPA counterclaim. *See Randle v. Crawford*, 604 F.3d 1047, 1052-53 (9th Cir. 2010) (discussing waiver and judicial estoppel principles).

The Court turns to the Defendants' September 10, 2010 Answer and Counterclaim (ECF No. 28) to determine if it alleged sufficient facts to support a CPA claim.[2] To establish the CPA counterclaim, Defendants must establish: 1) an unfair or deceptive act or practice, 2) occurring in trade or commerce, 3) affecting the public interest, 4) injury to a

---

[2] The Court accepts Defendants' factual allegations as true and disregards the legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

ORDER ~ 3

person's business or property, and 5) causation. *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 37 (2009); *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784 (1986). For purposes of this motion, Defendants only contest the first (unfair or deceptive act or practice) and third elements (public interest).

The Court finds Defendants alleged sufficient facts to establish that Exxon's acts were unfair. *See Magney v. Lincoln Mut. Sav. Bank*, 34 Wn. App. 45, 57 (1983) (listing unfairness factors). However, the Court concludes Defendants did not allege sufficient facts to establish that Exxon's unfair acts impacted the public interest. The alleged facts do not establish a "real and substantial potential for repetition, as opposed to a hypothetical possibility of an isolated unfair or deceptive act's [sic] being repeated." *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 604-05 (2009) (quoting *Eastlake Constr. Co. v. Hessi*, 102 Wn.2d 30, 52 (1984)). Although Exxon is an international company that advertises its products worldwide, there are no factual allegations to establish that "additional [individuals] have been or will be injured in exactly the same fashion." *Id.* at 604 (quoting *Hangman Ridge*, 105 Wn.2d at 790). The factual allegations relate to Exxon and Defendants' interaction relating to the fuel at the Moses Lake airport. And although Moses Lake airport customers may have been impacted by Exxon's alleged conduct, they were not injured in the same fashion as Defendants.

For these reasons, the Court grants Exxon's motion to dismiss Defendants' CPA counterclaim.

///

///

ORDER ~ 4

**D.  Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED:**

1.  Freeman Washington's Motion to Strike Plaintiff's Experts **(ECF No. 38)** is **DENIED**.

2.  Exxon's Rule 12(c) Motion for Judgment on the Pleadings Dismissing Defendants' CPA Counterclaim **(ECF No. 46)** is **GRANTED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide a copy to counsel.

**DATED** this __24th__ day of November 2010.


                                      s/ Edward F. Shea  
                                        EDWARD F. SHEA  
                                   United States District Judge

Q:\Civil\2009\0390.strike.expert.frm

ORDER ~ 5